Velez-Ramirez v. Garland

BIA
Loprest, IJ
A098 238 696

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty-two.

PRESENT:
> JOHN M. WALKER, JR.,
> ROSEMARY S. POOLER,
> MICHAEL H. PARK,
> > *Circuit Judges.*

_____

MEDARDO VELEZ-RAMIREZ,
> *Petitioner*,

v.                                                    19-688
                                                      NAC
MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*[1]

_____

FOR PETITIONER:          H. Raymond Fasano, Youman, Madeo & Fasano, LLP, New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

General; Paul Fiorino, Senior Litigation Counsel; Sherry D. Soanes, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Medardo Velez-Ramirez, a native and citizen of Colombia, seeks review of a February 21, 2019 decision of the BIA affirming a November 14, 2017 decision of an Immigration Judge ("IJ") denying Velez-Ramirez's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Medardo Velez-Ramirez,* No. A 098 238 696 (B.I.A. Feb. 21, 2019), *aff'g* No. A 098 238 696 (Immig. Ct. N.Y. City Nov. 14, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). Our jurisdiction to review the agency's finding that an application was untimely or that the applicant did

2

not show changed or extraordinary circumstances is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); *see id.* § 1158(a)(3); *Joaquin-Porras v. Gonzales*, 435 F.3d 172, 177-78 (2d Cir. 2006). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 281-83 (2d Cir. 2006).

Time Bar Ruling

An asylum applicant must demonstrate "by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States," or must demonstrate "either the existence of changed circumstances which materially affect the applicant's eligibility or extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(B), (D). The BIA rejected Velez-Ramirez's argument that the December 2016 peace deal between the Colombian government and the Revolutionary Armed Forces of Colombia ("FARC") reflected "changes circumstances" for purposes of one-year time bar. Specifically, the BIA found no evidence that the change was

3

material because the agreement decreased, rather than increased, violence in Colombia. Contrary to Velez-Ramirez's argument, there is no indication that the agency overlooked evidence. The agency is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (internal quotation marks omitted); *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n. 17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."). A dispute about what the country conditions evidence reflects is a question of fact not subject to review in this context. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *Jian Hui Shao*, 546 F.3d at 169 (reviewing country conditions determination for substantial evidence). Accordingly, we dismiss the petition for review of the denial of asylum because we lack jurisdiction to hear it.

Merits

Unlike Velez-Ramirez's asylum claim, his claim for withholding of removal is not subject to the one-year time

4

bar in 8 U.S.C. § 1158(a)(2)(B) and, therefore, may be considered on the merits. *See Xiao Ji Chen*, 471 F.3d at 332. To demonstrate eligibility for withholding of removal, an applicant must establish that "race, religion, nationality, membership in a particular social group, or political opinion" was or will be at least one central reason for the claimed persecution. 8 U.S.C. § 1231(b)(3)(A); *Matter of C-T-L-*, 25 I. & N. Dec. 341, 346 (BIA 2010) (holding that "Congress intended to apply the 'one central reason' standard uniformly to both asylum and withholding claims"). Relief may be granted "where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground." *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (internal quotation marks omitted). However, the applicant "must provide *some* evidence of [a persecutor's motives], direct or circumstantial." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992).

Substantial evidence supports the agency's determination that Velez-Ramirez failed to establish that the harm and extortion he experienced at the hands of individuals

associated with FARC and paramilitary groups bore a nexus to an imputed political opinion. To demonstrate that past persecution or a fear of future persecution is on account of political opinion, the applicant must "show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the *applicant's* political belief," rather than merely by the persecutor's *own* opinion. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (emphasis added). Resistance to nongovernment entities, such as rebel groups or gangs, is not necessarily a political opinion, nor is it necessarily true that the group believes that any resistance to it is politically motivated. *Elias-Zacarias*, 502 U.S. at 482. As the agency observed, the people that targeted Velez-Ramirez sought money. Nothing in his account indicates that he was perceived as having political beliefs. To the contrary, he testified that the FARC extorted people frequently throughout his city and stole from his customers as well. The fact that the groups that stole from or extorted him have their own political platform is not sufficient to establish a nexus to a protected ground. *See Yueqing Zhang*, 426 F.3d at 545. We therefore deny Velez-Ramirez's remaining

6

claims on the merits.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court